IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    **Plaintiff,**

    v.                            CASE NO.  15-3098-JWL

UNITED STATES COPYRIGHT
OFFICE AND PATENTS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff initiated this action seeking mandamus relief on allegations related to his inability to obtain copyright and patent forms for submitting his published research on artificial intelligence, and the lack of any response by the United States Copyright Office to Plaintiff's submissions. Plaintiff subsequently expanded his allegations to include his inability to obtain or file forms to patent or trademark a "Fractal."

In an order dated January 26, 2016, the Court examined Plaintiff's litigation history in the District of Kansas and found Plaintiff subject to the "3-strike" provision in 28 U.S.C. § 1915(g), which required Plaintiff to pay the full $400.00 district court filing fee in the instant action absent a showing that Plaintiff is under an imminent danger of serious physical harm if he is not allowed to proceed on the claims in his complaint. Finding nothing in Plaintiff's allegations to suggest such a showing could be made in this case, the Court denied Plaintiff leave to proceed in forma pauperis and directed Plaintiff to submit the $400.00 district court filing fee to avoid

dismissal of the complaint based upon Plaintiff's failure to satisfy the district court filing fee required by 28 U.S.C. § 1914.

On February 9, 2016, the Court liberally construed Plaintiff's "Motion for Relief of Judgment" of that "3-strike" order as seeking reconsideration of the non-dispositive order entered on January 26, 2016.  The Court noted that Plaintiff had not challenged the Court's finding that Plaintiff was a prisoner as defined by 28 U.S.C. § 1915(h) when he initiated the instant action, and that Plaintiff's litigation history in this Court includes three or more cases Plaintiff filed as a prisoner that are "strikes" within the meaning of § 1915(g).  Finding nothing in Plaintiff's motion satisfied any criteria for reconsideration of a non-dispositive order, the Court denied the motion and granted Plaintiff a limited extension of time to submit the $400.00 district court filing fee.  Because Plaintiff did not submit the required payment, the Court dismissed this action on February 24, 2016.  (Doc. 32.)  Plaintiff appealed, and his appeal was dismissed for lack of prosecution.  (Doc. 37.)

On February 22, 2021, Plaintiff filed a motion for relief from judgment (Doc. 39).  The Court entered an Order (Doc. 40) denying the motion on February 23, 2021.  Now, over three years later, Plaintiff has filed another Motion to Reopen (Doc. 41) and a motion (Doc. 42) titled a "Motion for Relief of Judgment Seeking Mandamus and also Motion to Revisit Utility Patent and Trademark protection for injunctive Relief upon review of materials published by Reuters Westlaw . . .."

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Having reviewed the record, the Court denies Plaintiff's motion for relief from judgment. Plaintiff's motion is largely incomprehensible, but appears to seek the relief he initially sought in this action and realleges his original claims seeking copyright and patent forms. Plaintiff alleges no grounds for relief under Rule 60(b) and filed this motion more than eight years after his case was closed. The Court finds Plaintiff has failed to show good cause or "exceptional circumstances" warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 41, 42) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

**Dated September 25, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**